IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN JOSEPH BRAGNA, JR., | : |
| Petitioner, | : |
| v. | : Civil Action No. 21-1240-CFC |
| BILL FRITZLEN, Special Consular's Office, | : |
| Respondent. | : |

**MEMORANDUM ORDER**

At Wilmington this 29th day of August, 2022,

On January 10, 2022, the Court ordered Petitioner to show cause why the Petition, having been filed on August 27, 2021, should not be dismissed for failure to serve proper process as required, pursuant to Fed. R. Civ. P. 4(m). (D.I. 7). Because Defendant Bill Fritzlen is a United States employee, the Order referred to Rule 4(i).

Petitioner had previously filed an affidavit of service of process on The Executive Office of the Legal Advisor in Washington, D.C. (D.I. 6). In response to the Show Cause Order, Petitioner responded that Fritzlen had been served, and he filed a return of service completed by a process server. Fritzlen, however, was not properly served as required by Rule 4(i). The Rule requires service upon the U.S. Attorney for the District of Delaware and the Attorney General of the United States. There is no indication that Petitioner served the United States Attorney for the District of Delaware or the Attorney General. The Court finds that Petitioner has failed to show cause why this case should not be dismissed for failure to serve proper process.

THEREFORE, IT IS ORDERED that:

1. The Complaint is DISMISSED[1] without prejudice for failure to serve process as required by Fed. R. Civ. P. 4(m).

2. The Clerk of Court is directed to CLOSE the case.

_____
Chief Judge

---

[1] To the extent Petitioner seeks a petition for a writ of mandamus, the allegations fall short. Pursuant to 28 U.S.C. § 1361 "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is generally considered "a drastic one, to be invoked only in extraordinary situations" where government officials have clearly failed to perform nondiscretionary duties. *Kerr v. U.S. District Court*, 426 U.S. 394, 402 (1976); *see also Cheney v. United States Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004). To obtain mandamus relief, a petitioner must demonstrate the lack of any other adequate remedy. *Mallard v. U.S. District Court for So. District of Iowa*, 490 U.S. 296, 309 (1989); *see also Mote v. United States Dist. Ct. for Middle Dist. of Pennsylvania*, 858 F. App'x 39, 40 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 906 (2022). Additionally, writs of mandamus are only available to compel "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." *Harmon Cove Condominium Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987). The Petition fails to show that Respondent, a State Department employee, owes any duty to Petitioner. Nor does the Petition demonstrate the lack of any other adequate remedy. To the extent Petitioner seeks release from custody, he has the option of seeking habeas relief.
  To the extent Petitioner's filing could be considered a petition for writ of habeas corpus, venue is not proper in this Court. Petitioner seeks release from imprisonment in the State of Arizona. There is no indication that he was convicted and/or sentenced in Delaware. Under 28 U.S.C. § 2241(d), a petitioner may bring his application for a writ of habeas corpus "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application."