IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN JOSEPH BRAGNA, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 21-1240-CFC |
| ) | |
| BILL FRITZLEN, ) | |
| ) | |
| Respondent. ) | |

John Joseph Bragna, Jr., Mesa, Arizona, Pro se Petitioner.

Dylan J. Steinberg, Assistant United States Attorney, Wilmington, Delaware. Counsel for Respondent.

**MEMORANDUM OPINION**

September 18, 2023
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Petitioner John Joseph Bragna, Jr. , who appears *pro se*, filed this action as a petition for writ of mandamus. (D.I. 1) Currently pending is Respondent Bill Fritzlen's motion to dismiss. (D.I. 13) The matter is fully briefed.

## I. BACKGROUND

The following facts are taken from the Petition and assumed to be true for purposes of deciding the pending motion. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Petitioner is incarcerated in Arizona. (D.I. 1 at 2) This is action is brought against Bill Fritzlen, a Department of State officer in the Special Consular's Office in Washington, D.C. (*Id.* at 3) The Petition asserts jurisdiction by reason of U.S.C. Title 22-Foreign Relations and Intercourse. (*Id.*)

Petitioner "declares he is a citizen held hostage/imprisoned by a foreign government" (i.e., the State of Arizona) and its agents who do not have a congressional mandate to do so and that the State of Arizona is operating against the laws of Delaware. (*Id.* at 3) Petitioner asks the Court to issue a Writ of Mandamus or, in the alternative, to order his unconditional release. (*Id.* at 1)

Respondent moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (D.I. 13)

## II. LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

## III. DISCUSSION

The motion to dismiss will be granted. Petitioner seeks relief in the form of release (apparently from prison) in the State of Arizona. The Petition is construed as a petition for writ of habeas corpus, because Petitioner seeks release from imprisonment in the State of Arizona. Even were the Court to consider this as a

2

petition for a writ of mandamus, the allegations fall short, as Petitioner has other forms of relief available to him.[1]

A petitioner may bring an application for a writ of habeas corpus "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Petitioner is incarcerated in Arizona and there is no indication that he was convicted and/or sentenced in Delaware. Accordingly, this Court does not have jurisdiction to grant the relief Petitioner seeks.

---

[1] Pursuant to 28 U.S.C. § 1361 "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is generally considered "a drastic one, to be invoked only in extraordinary situations" where government officials have clearly failed to perform nondiscretionary duties. *Kerr v. U.S. District Court*, 426 U.S. 394, 402 (1976); *see also Cheney v. United States Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004). To obtain mandamus relief, a plaintiff must demonstrate the lack of any other adequate remedy. *Mallard v. U.S. District Court for So. District of Iowa*, 490 U.S. 296, 309 (1989); *see also Mote v. United States Dist. Ct. for Middle Dist. of Pennsylvania*, 858 F. App'x 39, 40 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 906 (2022). Additionally, writs of mandamus are only available to compel "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." *Harmon Cove Condominium Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987).

3

In addition, as alleged, Petitioner was convicted by the State of Arizona. The Petition makes no mention that Petitioner exhausted his state court remedies as is required when asking a federal court to grant relief to a state prisoner. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

Finally, Respondent cannot provide Petitioner the relief he seeks. The proper respondent in a habeas petition is "the person who has custody over the petitioner." *Rumsfeld*, 542 U.S. at 434. The Petition does not allege that Respondent is that person. Rather, it alleges that Respondent is an employee of the Department of State in Washington, D.C.

Accordingly, Respondent's motion to dismiss will be granted. In addition, because it is not plausible that Petitioner may be able to articulate a claim against Respondent, the Court finds amendment futile.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Respondent's motion to dismiss. Amendment is futile.

The Court will issue an Order consisted with this Memorandum Opinion.